IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                        Case No. 2:24-cr-00009-KGB

MICHAEL BUCK                                                                                DEFENDANT

## ORDER

On April 23, 2025, the Court conducted a hearing on the pending pretrial motions and a pretrial conference with counsel for the United States, defendant Michael Buck, and counsel for Mr. Buck.

As to those matters about which the Court grants an *in limine* motion, all parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning the matters about which the Court grants an *in limine* motion, without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

The Court makes the following rulings:

1.     The United States provided notice of its intent to present intrinsic evidence and, in the alternative, to present Federal Rule of Evidence 404(b) evidence (Dkt. No. 29). The United States maintains that, "[t]o understand the context of the defendant's threats in this case, and the victims' reactions, the introduction of some information regarding the facts of Case Number 08-00301-01-CR-W-GAF is necessary." (*Id.*, at 2). In the alternative, the United States asserts that the evidence regarding the facts of Case Number 08-00301-01-CR-W-GAF is admissible pursuant to Federal Rule of Evidence 404(b) as the evidence: (1) goes to Mr. Buck's motive to commit the

instant alleged offense; (2) is not too remote in time given the period of incarceration Mr. Buck has been serving for the offense; (3) is similar in kind; and (4) is supported by sufficient evidence (*Id.*, at 7–10).  Mr. Buck responded to that notice (Dkt. No. 33).  Mr. Buck "objects to the showing of, the introduction into evidence of, or otherwise reference to the facts and information surrounding his fifteen-year-old conviction in Case Number 08-00301-01-CR-W-GAF, as well as any testimony of the alleged victims." (*Id.*, at 1).

The United States served a supplemental notice of intent to present intrinsic evidence and, in the alternative, Rule 404(b) evidence, explaining that "one or more witnesses may testify to additional instances where the defendant made threats to the victims in this case, G.F. and C.C., and their immediate family." (Dkt. No. 41).  Mr. Buck responded to the motion at the hearing.

Generally, extrinsic "evidence of other crimes committed by a defendant is inadmissible" under Federal Rule of Evidence 404(b).  *United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984). However, other crimes or bad acts "that form the factual setting of the crime in issue" are admissible as relevant, intrinsic evidence, as those acts are "'inextricably intertwined' with the crime charged."  *United States v. Heidebur*, 122 F.3d 577, 579 (8th Cir. 1997) (first quoting *United States v. Williams,* 95 F.3d 723, 731 (8th Cir. 1996); then quoting *United States v. McGuire*, 45 F.3d 1177, 1188 (8th Cir. 1995)); *see also United States v. Patterson*, Case Nos. 23-2937, 23-3039, 23-3099, 131 F.4th 901, 909 (8th Cir. 2025) ("Evidence of uncharged acts is admissible if it is 'intrinsic' to a charged drug conspiracy.").

Intrinsic evidence includes both evidence that is inextricably intertwined with the crime charged as well as evidence that "completes the story" or provides context to the charged crime. *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014) (quoting *United States v. Johnson,* 463 F.3d 803, 808 (8th Cir. 2006)); *United States v. Hall,* 604 F.3d 539, 543 (8th Cir. 2010).  The

2

Eighth Circuit Court of Appeals has "recognized that '[a] jury is entitled to know the circumstances and background of a criminal charge,' and [the Eighth Circuit has] permitted the introduction of evidence 'providing the context in which the crime occurred, i.e. the *res gestae*.'" *United States v. LaDue*, 561 F.3d 855, 857 (8th Cir. 2009) (first alteration in original) (quoting *United States v. Savage*, 863 F.2d 595, 599 (8th Cir. 1988)).  Recently, the Eighth Circuit explained:

> "[W]hen evidence of other crimes is so blended or connected . . . ; or explains the circumstances [of the crime charged]; or tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged." *United States v. Fleck*, 413 F.3d 883, 890 (8th Cir. 2005) (citation omitted).  Because a jury "cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge," *res gestae* evidence is relevant and admissible.  *Moore*, 735 F.2d at 292.  "In felon-in-possession cases, we have defined the scope of the *res gestae* to include the events immediately preceding the defendant's arrest, as well as the circumstances of the arrest itself."  *LaDue*, 561 F.3d at 857–58 (citations omitted).

*United States v. Young*, 129 F.4th 459, 469–70 (8th Cir. 2025) (alterations in original).

Having considered the controlling legal authorities as well as the record in the case before the Court at this stage, to the extent Mr. Buck seeks a motion *in limine* to exclude such evidence, the Court denies his request.  The Court determines such evidence as provided for in the United States' notice and supplemental notice is intrinsic evidence.  However, all of what the United States intends to offer as evidence at trial is not known at this time to the Court or Mr. Buck.  For this reason, although the Court denies Mr. Buck's motion *in limine* on this basis, the Court will rule on any contemporaneous objections made to evidence presented at the time of trial.

In addition, the Court acknowledges that the probative value of that intrinsic evidence may be substantially outweighed by its prejudicial value, such that even the intrinsic evidence is inadmissible.  *See United States v. Bass*, 794 F.2d 1305, 1313 (8th Cir. 1986); Fed. R. Evid. 403.  At this stage of the proceeding, having considered the controlling legal authorities as well as the

record in the case before the Court, the Court denies Mr. Buck's motion *in limine* on this basis as well, but the Court permits Mr. Buck to renew this objection.

If evidence is determined to be extrinsic, it is admissible only if offered for a non-propensity purpose. *See United States v. Gaddy*, 532 F.3d 783, 789 (8th Cir. 2008). Federal Rule of Evidence 404(b) provides a lengthy list of examples, from proving state-of-mind requirements like "intent" and "knowledge" to countering potential defenses like "mistake." Fed. R. Evid. 404(b)(2) (listing "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). "By using 'such as' to introduce the list, Rule 404(b) makes clear that the listed items are nonexclusive, meaning that 'other crime[s], wrong[s], or act[s]' can be admissible for additional relevant, non-propensity purposes." *United States v. Vaca*, 38 F.4th 718, 722 (8th Cir. 2022) (alterations in original); *see* Fed. R. Evid. 404(b)(1); *Carter v. United States*, 549 F.2d 77, 78 (8th Cir. 1977) (*per curiam*) ("[T]hose purposes as listed in 404(b) are not exclusive[.]"); 2 Weinstein's Federal Evidence § 404.20[1], at 404–40 ("[T]he categories listed in the rule are not meant to be exhaustive or exclusive.").

Even if the evidence to which the United States refers in its notice and supplemental notice is extrinsic evidence, given the controlling legal authorities as well as the record in the case before the Court, the Court denies Mr. Buck's motion *in limine* with respect to such evidence. The Court permits Mr. Buck to renew this objection and argument, as well as any objections and argument premised on Federal Rules of Evidence 401 or 403, depending on the precise proof the United States seeks to introduce at trial.

2.   The United States moves for the witnesses/victims to be present during trial and court proceedings (Dkt. No. 35). Mr. Buck does not object to the witnesses/victims identified in the second superseding indictment as G.F. and C.C. from being present throughout the trial and

court proceedings (Dkt. No. 40).  Mr. Buck is willing to stipulate that G.F. was the presiding judge in Mr. Buck's "original matter in Missouri" and that C.C. was the Assistant United States Attorney who prosecuted him (*Id.*).  However, Mr. Buck moves *in limine* to prohibit any testimony from either G.F. or C.C. for reasons set forth in Mr. Buck's response to the United States' prior notice (*Id.*).

The Court grants the United States' motion and rules that the witnesses/victims G.F. and C.C. may be present during trial and court proceedings (Dkt. No. 35).  The Court denies Mr. Buck's motion *in limine* to prohibit any testimony from either G.F. or C.C.  The Court rejects as unsupported by controlling case law Mr. Buck's constrained and inappropriately narrow view of "recipient," upon which he relies to make this argument.  *See United States v. Hart*, 212 F.3d 1067, 1071 (8th Cir. 2000) (emphasis added) (noting courts should consider "whether the *victim* had reason to believe that the maker of the threat had a propensity to engage in violence" for purposes of a "true threat" determination); *United States v. Dinwiddie*, 76 F.3d 913, 925 (8th Cir. 1996) (same); *see also D.J.M. ex rel. D.M. v. Hannibal Pub. Sch. Dist. No. 60*, 647 F.3d 754, 764 (8th Cir. 2011) (quoting *Dinwiddie*, 76 F.3d at 925).

3.  Mr. Buck moves the Court to quash count 3 of the second superseding indictment (Dkt. No. 36).  Mr. Buck asserts that count 3 is improper and not consistent with the charging statute, and he specifically asserts that count 3 is not consistent with the definition of immediate family in the charging statute (*Id.*).  The United States opposes the motion (Dkt. No. 46).  The United States maintains that the motion should be considered a motion to dismiss indictment pursuant to Federal Rule of Criminal Procedure 12(b) and should be denied (*Id.*).

The second superseding indictment, on its face, pleads the essential elements of the offense charged in count 3 and contains a facially sufficient allegation as to count 3.  The Court denies Mr.

Buck's motion to quash, or dismiss, count 3 of the second superseding indictment (Dkt. No. 36). *See United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021) (quoting *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001)) ("An indictment survives a motion to dismiss for failure to state an offense if 'the indictment contains a facially sufficient allegation.'").

    4.    Mr. Buck moves the Court to allow him to appear in normal clothing at trial (Dkt. No. 38). The United States defers to the Court on this issue. The Court has this motion under advisement.

    5.    Mr. Buck moves *in limine* to exclude the audio recording (Dkt. No. 45). The United States responded in opposition to the motion (Dkt. No. 47).

The Court is mindful of the requirements of *United States v. McMillan*, 508 F.2d 101 (8th Cir. 1974), and *United States v. Kimble*, 54 F.4th 538 (8th Cir. 2022). The United States represents that it intends to present testimony from a participant to the conversation to authenticate the recording (Dkt. No. 47, at 2). If this witness testifies, the United States contends that the best evidence rule will have no application (*Id.* (citing *United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004); *United States v. Workinger*, 90 F.3d 1409, 1415 (9th Cir. 1996)). Even if the best evidence rule applies, Federal Rule of Evidence 1004 provides exceptions to the best evidence rule, and the United States maintains that certain of those exceptions will be met here (*Id.*, at 2). Further, the United States asserts that it will be able to satisfy Federal Rules of Evidence 901, 1001, and 1003 (*Id.*, at 5).

At this time, and on the record before it, the Court denies Mr. Buck's motion *in limine* to exclude the audio recording (Dkt. No. 45). The United States acknowledges, and this Court agrees, that Mr. Buck is "not precluded from questioning any witness about the use and whereabouts of the MP3 player, the VHS tape, or any alleged conversations that may have occurred before the

recording . . . ." (Dkt. No. 47, at 5).  However, those challenges do not impact admissibility but rather go to the weight the jury should give the evidence and the credibility determinations the jury must make.  The Court permits Mr. Buck to renew this objection and argument, as well as any objections and argument premised on the Federal Rules of Evidence, depending on the precise proof the United States seeks to introduce at trial.

6. The Court will conduct all questioning during *voir dire*.  Counsel may submit to the Court proposed questions to be asked of the panel of potential jurors for the Court's consideration prior to and during *voir dire*.

7. With respect to proposed jury instructions on the elements of the offenses charged in counts 2 through 5 of the second superseding indictment against Mr. Buck, the Court has reviewed *United States v. Wynn*, 827 F.3d 778 (8th Cir. 2016), a case tried in the Eastern District of Arkansas with jury instructions given by the Court, and proposed by the defense but rejected by the Court, available on CM/ECF.  The Court will discuss the case, and the Eighth Circuit Court of Appeals holding, with counsel at the April 29, 2025, pretrial conference.  Further, the Court has reviewed additional controlling authorities decided after *Wynn*.  The Court will circulate for discussion purposes only a draft instruction on the definition of threat for consideration by the parties.

It is so ordered this 25th day of April, 2025.

_____
Kristine G. Baker
Chief United States District Judge